# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 5-16-03714-RNO |
| RICHARD DeMARCO, | : | CHAPTER 7 |
| DEBTOR. | : | |

## CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13 FROM CHAPTER 7

Mark J. Conway, Chapter 7 Trustee ("Trustee") of the Estate of Richard DeMarco ("Debtor"), through his undersigned counsel, hereby objects to the Debtor's Motion to Convert Case to Chapter 13 From Chapter 7, and in support thereof hereby represents:

1. On September 12, 2016, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code, which was subsequently converted to a Chapter 7 proceeding on December 22, 2016 (Dkt. No. 37), pursuant to a Motion to Convert filed on behalf of the Debtor on December 21, 2016 (Dkt. No. 34).

2. On December 22, 2016, Mark J. Conway, Esquire was duly appointed the Chapter 7 Trustee.

3. On February 2, 2017, a Motion to Convert Case to a Chapter 13 was filed on behalf of the Debtor (Dkt. No. 48).

4. The Debtor did not appear for the February 3, 2017 341(a) meeting scheduled in the Chapter 7 proceeding. Accordingly, the Trustee was not afforded an opportunity to question the Debtor. The Trustee has rescheduled the 341(a) meeting for March 3, 2017.

5. A review of Debtor's Schedule B reveals that the Debtor has an interest in a personal injury case (the "Litigation") described therein as "outcome is speculative and incalculable at time of filing" and listing a value of Two Dollars ($2.00).

6. The Trustee has requested information from Debtor's counsel as to the reasons for the Debtor's Motion to Convert Case to a Chapter 13 and additional information and documentation relative to the Debtor's interest in the Litigation, including the nature of the injury, the date incurred, whether or not counsel has been contacted or retained, and if so, contact information for the attorney. To date, the Trustee has not received the information requested and is unable to determine the value of the Litigation.

7. The Trustee objects to the Debtor's Motion to Convert on the basis that the Trustee has been unable to question the Debtor with regard to the Litigation/potential asset of the Estate, as the Debtor did not appear for the 341(a) meeting scheduled for February 3, 2017, and to date the Trustee is currently investigating said Litigation. The Trustee may administer the Litigation for the benefit of creditors and any administrative costs and expenses of the Estate.

8. The Trustee objects to the Debtor's Motion to Convert on the basis that there's a clear showing of bad faith by the Debtor in that the conversion was filed for the sole purpose of avoiding the Trustee administering the Litigation as an asset of the Estate for the benefit of its creditors. The Trustee is in the best

position to administer the Litigation and distribute funds to satisfy creditors and any administrative costs and expenses of the Estate.

9. The Trustee objects to the Debtor's Motion to Convert on the basis that Debtor does not appear to be able to propose a confirmable Chapter 13 plan. It is noted that the Debtor did file a Chapter 13 plan in the Chapter 13 proceeding (Dkt. No. 3) and the Chapter 13 Trustee and a creditor objected to same (Dkt. Nos. 22 & 25).

10. The Trustee objects to the Debtors' Motion to Convert on the basis that Debtor's conversion would prejudice the creditors that would be allowed to be paid from the Litigation as an asset of the Estate.

11. The Trustee objects to the Debtors' Motion to Convert on the basis that Debtor's conversion would impede an efficient administration of the bankruptcy estate.

12. The Trustee objects to the Debtors' Motion to Convert on the basis that Debtor's conversion would further be an abuse of the bankruptcy process in that conversion is not proper after the Trustee seeks to administer available assets for the payment of creditors' claims.

**WHEREFORE,** the Trustee respectfully requests that this Court deny the Debtor's Motion to Convert to Chapter 13 From Chapter 7 and for all other relief that this Court deems just and appropriate.

        **LAW OFFICES OF MARK J. CONWAY, P.C**

        /s/ Mark J. Conway
        Mark J. Conway, Trustee
        502 S. Blakely Street
        Dunmore, PA 18512
        Phone (570) 343-5350
        Fax (570) 343-5377
        Counsel for Chapter 7 Trustee

DATED: February 17, 2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

::::::::::::::::::::::::::::::::::::::::::::::::
IN RE:                                           :    CASE NO. 5-16-03714-RNO
                                                 :
RICHARD DeMARCO,                                 :    CHAPTER 7
                                                 :
DEBTOR.                                          :
::::::::::::::::::::::::::::::::::::::::::::::::

**CERTIFICATE OF SERVICE**

     I, Constance Norvilas, Paralegal hereby certify that I have caused to be served this 17th day of February, 2017, a true and correct copy of the Trustee's Objection to Debtor's Motion to Convert to Chapter 13 From Chapter 7 using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail addressed:

U.S. Trustee
Dept. of Justice
228 Walnut Street
Suite 1190
Harrisburg, PA 17101-1722
ustpregion03.ha.ecf@usdoj.gov


Mark E. Moulton, Esq.
Moulton and Moulton PC
693 State Route 739
Suite #1
Lords Valley, PA 18428
markmoulton@moultonslaw.com


**LAW OFFICES OF MARK J. CONWAY, P.C.**

/s/ Constance Norvilas
Constance Norvilas, Paralegal
502 South Blakely Street
Dunmore, PA 18512
Telephone (570) 343-5350
Facsimile (570) 343-5377